**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-25

UNITED STATES TAX COURT

DAVID KEITH WINNETT, JR., AND TERESITA PRIAS WINNETT, Petitioners
v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 11910-11S, 14449-11S,       Filed March 25, 2013.
18393-11S.

David Keith Winnett, Jr., and Teresita Prias Winnett, pro sese.

Catherine G. Chang and Michael Santos (specially recognized), for

respondent.

SUMMARY OPINION

PANUTHOS, Chief Special Trial Judge:  These consolidated cases[1] were

heard pursuant to the provisions of section 7463 of the Internal Revenue Code in

_____

[1]By order dated October 12, 2011, these three cases were consolidated for
trial, briefing, and opinion.

effect when the petitions were filed.[2]  Pursuant to section 7463(b), the decisions to be entered are not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioners' Federal income tax of $18,381.01, $12,804, and $17,466 for tax years 2008, 2009, and 2010, respectively. Respondent also determined section 6662 accuracy-related penalties of $3,676.20, $2,560.80, and $3,493.20 for tax years 2008, 2009, and 2010, respectively.

After concessions,[3] the issues for decision are:  (1) whether petitioners are entitled to deductions claimed on Schedules C, Profit or Loss From Business, for 2008, 2009, and 2010; (2) whether petitioners are entitled to deductions on Schedules A, Itemized Deductions, greater than those respondent allowed for 2008, 2009, and 2010; and (3) whether petitioners are liable for accuracy-related penalties under section 6662(a).

---

[2]All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[3]By stipulation petitioners conceded that they received $53 of interest income in 2009 that they did not report on their tax return for that year and that they miscategorized $1,375 of Schedule C gross receipts as "other income" on their 2010 tax return.

## Background

Some of the facts have been stipulated, and we incorporate the stipulation and accompanying exhibits by this reference. Petitioners lived in California when they filed the petitions.

During 2008, 2009, and 2010, the years in issue, David Keith Winnett, Jr. (petitioner), a retired U.S. Marine Corps captain, was employed full time by the City of Torrance, where he was a fleet manager for the city and managed all of the service vehicles. Teresita Prias Winnett was employed at Hillside Enterprises, a nonprofit organization that represents and assists the interests of the intellectually disabled.

In addition to his full-time employment, in 2008 petitioner began advocating on behalf of sick Gulf War veterans, both independently and through the National Gulf War Resource Center, a nonprofit organization. Petitioner had been approved to receive benefits from the U.S. Department of Veterans Affairs, and he used his experience applying for benefits to help other veterans apply for and receive their disability benefits. Petitioner traveled around the country to help other veterans file their disability claims. Petitioner began this activity after he traveled to Washington, D.C., to testify before the Research Advisory Committee on Gulf War Veterans' Illnesses. After he testified, the National Gulf War Resource Center approached

petitioner and asked whether he would be interested in joining their efforts. Separate from the National Gulf War Resource Center, petitioner maintains a Facebook page on Gulf War illnesses that has several hundred members, some of whom he has personally helped with their claims.

Petitioner did not receive any compensation for his advocacy activity, although he did receive an annual honorarium of $1,250 from the Department of Defense for his participation on a Congressionally Directed Medical Research Programs panel during at least two of the years in issue, 2009 and 2010. Participation on the panel required petitioner to travel annually to a meeting in Washington, D.C. Petitioner did not have to pay for his own travel from California to Washington, D.C., to participate on the panels, but he did incur other expenses as a result of his advocacy activity. Although petitioner incurred expenses, he asserted that the National Gulf War Resource Center was not funded sufficiently to be able to reimburse volunteers for any expenses incurred from advocating for veterans.

Petitioners timely filed joint Federal income tax returns for taxable years 2008, 2009, and 2010, which they self-prepared using TurboTax. Petitioners attached Schedules C to their 2008, 2009, and 2010 returns for "Semper Fi Consulting" (Semper Fi). On the Schedules C petitioners claimed as deductions

expenses from petitioner's advocacy activity. At some point in 2010 petitioner realized that the use of the name Semper Fi "didn't mean anything", since he was not operating Semper Fi for profit, although he continued his advocacy activity after that time.

For the 2008 through 2010 tax years petitioners reported on their Forms 1040, U.S. Individual Income Tax Return, wages and other income, income and expenses[4] from petitioner's Schedule C advocacy activity, net profit or loss from the advocacy activity, adjusted gross income, and itemized deductions as follows:

| Year | Wage and other income | Income from activity | Expenses from activity | Net profit or (loss) from activity | Adjusted gross income | Itemized deductions |
|------|------|------|------|------|------|------|
| 2008 | $169,801 | --- | $3,923 | ($3,923) | $165,878 | $106,062 |
| 2009 | 175,221 | $3,157 | 73,757 | (70,600) | 104,621 | 28,336 |
| 2010 | 177,155 | --- | 6,483 | (6,483) | 170,672 | 80,855 |

---

[4]There is a discrepancy in the record in the amount of Schedule C expenses that petitioners claimed for 2009. In the stipulation of facts the parties stipulated that petitioners claimed Schedule C expenses totaling $43,999 and that respondent disallowed Schedule C expenses totaling $43,999. The parties also stipulated the copy of petitioners' 2009 return, on which petitioners claimed Schedule C expenses totaling $73,757. We find that petitioners claimed Schedule C expenses totaling $73,757 on their 2009 joint Federal income tax return.

- 6 -

Respondent issued notices of deficiency for petitioners' 2008, 2009, and 2010 tax years on February 23, May 24, and July 29, 2011, respectively. The notices of deficiency disallowed the following deductions for lack of substantiation:

Schedule A

| Expense | 2008 | 2009 | 2010 |
|---|---|---|---|
| Unreimbursed employee expenses (subject to 2% floor) | $8,988 | --- | --- |
| Charitable contributions | 71,370 | --- | --- |
| Medical and dental | --- | --- | $36,662 |
| Miscellaneous itemized deductions (subject to 2% floor) | --- | --- | 8,323 |
| Other miscellaneous deductions for "handicap work" | --- | --- | 22,091 |
| Total amount disallowed | 80,358 | --- | 67,076 |

Schedule C

| Expense | 2008 | 2009 | 2010 |
|---|---|---|---|
| Car and truck | $3,923 | $20,385 | --- |
| Repairs and maintenance | --- | 7,500 | --- |
| Depreciation | --- | 16,114 | --- |

| | | | |
|---|---|---|---|
| Office | --- | --- | $1,155 |
| Supplies | --- | --- | 1,700 |
| Travel | --- | --- | 3,350 |
| Meals and entertainment | --- | --- | 278 |
| Total amount disallowed | 3,923 | 43,999 | 6,483 |

Respondent also contended at trial that petitioner did not engage in Semper Fi with a profit objective under section 183. The notices of deficiency imposed accuracy-related penalties under section 6662(a) for all of the years in issue.

## Discussion

### I. Burden of Proof

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that these determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners did not allege that section 7491(a) applies. See sec. 7491(a)(2)(A) and (B). Therefore, petitioners bear the burden of proof. See Rule 142(a).

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction. Rule 142(a); INDOPCO,

Inc. v Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934).  The taxpayer also bears the burden of substantiating claimed deductions.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89 (1975).

II.      Petitioners' Schedules C

Respondent contends that petitioners may not deduct the Schedule C expenses in dispute for the years at issue because Semper Fi, petitioner's advocacy activity, was not a trade or business.  Respondent also asserts that petitioners failed to provide substantiation for their Schedule C deductions.

Section 162(a) allows a deduction for ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business.  In order for an expense to be "necessary", it must be "appropriate and helpful" to the taxpayer's business.  Welch v. Helvering, 290 U.S. at 113.  An expense will be considered "ordinary" if it is a common or frequent occurrence in the type of business in which the taxpayer is involved.  Deputy v. du Pont, 308 U.S. 488, 495 (1940).  To be engaged in a trade or business, an individual must be involved in an activity with continuity and regularity and the primary purpose for engaging in the activity must be for income or profit.  Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987).

Under section 183(b)(2), if an individual engages in an activity without the primary objective of making a profit, deductions attributable to the activity are allowable only to the extent of gross income from the activity. See Allen v. Commissioner, 72 T.C. 28, 33 (1979). An activity is engaged in for profit if the taxpayer's "predominant, primary or principal objective" in engaging in the activity was to realize an economic profit independent of tax savings. Wolf v. Commissioner, 4 F.3d 709, 713 (9th Cir. 1993), aff'g T.C. Memo. 1991-212. The taxpayer generally bears the burden of establishing that the activity was engaged in for profit. See Rule 142(a).

Petitioner acknowledged that he did not engage in the advocacy activity for profit and that his advocacy work was not a direct contribution to a qualified charitable organization. He also admitted that reporting his advocacy expenses on the Schedules C filed with the joint Federal income tax returns for the years at issue was a mistake. Considering the foregoing facts and law, we conclude that the advocacy activity was not a trade or business under section 162 and that the Schedule C expenses in dispute for tax years 2008, 2009, and 2010 are not deductible.[5]

---

[5]Petitioners reported gross receipts or sales of $3,157 on their 2009 Schedule C, but we do not consider whether they substantiated any of the disallowed

(continued...)

III.    Petitioners' Schedules A

Taxpayers must keep sufficient records to substantiate any deductions claimed.  Sec. 6001.  As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense but the taxpayer is unable to adequately substantiate the precise amount of the deduction to which he is otherwise entitled, the Court may estimate the amount of the deductible expense and allow the deduction to that extent, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  We cannot estimate the amount, however, unless the taxpayer proves that he or she paid or incurred some deductible expense and provides some basis from which we can develop a reasonable estimate.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

In the case of expenses paid or incurred with respect to listed property, e.g., passenger automobiles or other property used as a means of transportation, section 274(d) overrides the Cohan doctrine and provides that these expenses are deductible only if the taxpayer meets stringent substantiation requirements.  Secs.

---

[5](...continued)
deductions to the extent of that income because respondent allowed Schedule C deductions in excess of that amount.  See sec. 183(b)(2).

274(d), 280F(d)(4); see Lewis v. Commissioner, 560 F.2d 973, 977 (9th Cir. 1977), rev'g on other grounds T.C. Memo. 1974-59; Sanford v. Commissioner, 50 T.C. 823 (827-828 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Petitioners did not provide receipts to substantiate any of the disallowed deductions.  Petitioner asserted that he had receipts at one time but that he retained them only for a couple of months before throwing them away.  Instead, petitioners provided a variety of news articles and medical documents to demonstrate that petitioner traveled on certain dates for speaking engagements related to his advocacy activity and that petitioners had medical conditions that would have caused them to incur the expenses that respondent disallowed as deductions. Petitioner also provided testimony regarding some of the disallowed deductions.

A.    Unreimbursed Employee Expenses (Subject to 2% Floor)

Petitioners claimed, and respondent disallowed, unreimbursed employee expenses of $8,988 (before application of the 2% floor of section 67(a)) for the 2008 taxable year.  The Form 2106, Employee Business Expenses, attached to petitioners' 2008 return, shows that the unreimbursed employee expenses consisted of vehicle expenses, parking fees, travel expenses, and other business expenses.

Generally, a taxpayer who is an employee may deduct unreimbursed employee expenses as an ordinary and necessary business expense under section 162. Lucas v. Commissioner, 79 T.C. 1, 6 (1982). An employee, however, cannot deduct such expenses to the extent that the employee is entitled to reimbursement from his employer. Id. at 7. In addition, section 6001 requires a taxpayer to maintain sufficient records to allow the determination of the taxpayer's correct tax liability.

Petitioner credibly testified that some of the expenses related to his employment as fleet manager for the City of Torrance, which required him to drive to and from various meetings about environmental issues involving diesel vehicles and meetings with his peers in other cities. When completing the tax returns for the years in issue petitioner did not separate the expenses incurred from his full-time employment from those he incurred from his advocacy activity. Petitioner acknowledged that his employment-related expenses and the expenses from his advocacy activity were bundled "all up in one tangled mess" on the Schedules A and C filed with petitioners' returns for the years in issue.

Although we found petitioner's testimony to be credible, the testimony by itself was insufficient to establish that petitioners incurred the unreimbursed employee expenses claimed for 2008 or to establish whether petitioner received

reimbursement or had the right to obtain reimbursement from his employer. Petitioner's testimony alone does not provide a basis on which we might estimate those claimed expenses that are not subject to the stricter substantiation requirements of section 274(d). See Cohan v. Commissioner, 39 F.2d at 543-544. We sustain respondent's determination disallowing the deduction for unreimbursed employee expenses.

B. Charitable Contributions

Petitioners claimed, and respondent disallowed, a charitable contribution deduction of $71,370 for the 2008 taxable year. Of the total amount claimed, $36,065 was for gifts by cash or check, $11,250 was for gifts of property other than money, and $24,055 was for a contribution carryover for a prior year.

Generally, section 170(a) allows a deduction for any charitable contribution made by the taxpayer. Charitable contribution deductions are subject to the recordkeeping requirements of section 1.170A-13(a), Income Tax Regs., for contributions of money, or section 1.170A-13(b), Income Tax Regs., for contributions of property other than money. Any contribution of $250 or more must also satisfy the requirement of section 1.170A-13(f)(1), Income Tax Regs., which provides that to claim a charitable contribution deduction of $250 or more, the taxpayer must substantiate the contribution with a contemporaneous written

acknowledgment from the donee organization.[6]  If a taxpayer makes a charitable contribution of property other than money in excess of $500, the taxpayer must maintain written records showing the manner of acquisition of the item and the approximate date of the acquisition.  See sec. 1.170A-13(b)(3), Income Tax Regs.

Petitioner testified that he and his wife donated money and property regularly but that the contribution carryover amount reported on the 2008 return "seems a little high".  When respondent questioned petitioner about the $36,065 deduction claimed for a contribution by cash or check, he asserted that amount "may have been a typo" and that he could not explain how he arrived at that number. Petitioners did not provide any receipts to substantiate the claimed contributions, and petitioner's testimony does not establish that petitioners are entitled to a deduction for charitable contributions, nor does it provide a basis on which we might estimate those claimed contributions.  See Cohan v. Commissioner, 39 F.2d at 543-544.  We sustain respondent's determination disallowing the deduction for charitable contributions.

---

[6]Separate contributions of less than $250 are not subject to the requirements of sec. 170(f)(8), regardless of whether the contributions made by a taxpayer to a donee organization during a taxable year total $250 or more.  Sec. 1.170-13(f)(1), Income Tax Regs.

C.    Medical and Dental Expenses

Expenses paid during the taxable year for medical care of the taxpayer, not compensated for by insurance or otherwise, shall be allowed as a deduction to the extent that such expenses exceed 7.5% of adjusted gross income.  Sec. 213(a).  A deduction is allowed only with respect to medical expenses actually paid during the taxable year, regardless of when the incident or event which occasioned the expenses occurred.  Sec. 1.213-1(a)(1), Income Tax Regs.  A taxpayer who claims a deduction under section 213 must "furnish the name and address of each person to whom payment for medical expenses was made and the amount and date of the payment thereof in each case."  Sec. 1.213-1(h), Income Tax Regs.

Petitioners claimed, and respondent disallowed, a $36,662 deduction for medical and dental expenses on their 2010 return.  Petitioner admitted that the claimed deduction was a little high but asserted that petitioners did incur medical expenses that year as a result of Ms. Winnett's breast cancer diagnosis.  To substantiate this illness, petitioners provided a document from Del Amo Diagnostic Center dated October 6, 2010, that describes findings from an examination.  Petitioner also asserted that he has physical disabilities which caused him to retire in November 2011.  To document his disabilities and health problems, petitioner

submitted a pathology report dated September 19, 2011, a letter from a doctor dated August 1, 2011, and a list of his medications as of February 2012.

While we are sympathetic to petitioners' health problems and agree that they likely incurred some medical expenses in 2010, the documents that petitioners submitted are not medical receipts and they do not indicate the amount of any medical expense or the year in which any payments were made. Petitioners did not substantiate their claimed medical and dental expenses for 2010 and did not introduce any evidence from which we could develop a reasonable estimate. See Williams, 245 F.2d at 560. Thus, petitioners are not entitled to any deduction for medical and dental expenses on their Schedule A for tax year 2010.

D.    Miscellaneous Itemized Deductions (Subject to 2% Floor)

Petitioners reported miscellaneous itemized deductions of $8,498 (before application of the 2% floor of section 67(a)) for tax preparation fees, legal expenses, investment expenses, fees, and a convenience fee on their Schedule A for tax year 2010. Respondent disallowed $8,323 of the deductions claimed because petitioners did not furnish information needed to support the claimed deduction. After application of the 2% floor of section 67(a), petitioners were not allowed to deduct the $175 deduction that was not disallowed.

Petitioners did not submit any receipts or other documents to substantiate the miscellaneous itemized deductions claimed on their 2010 return.  Petitioner could not remember what the "fees" were for which petitioners claimed a deduction. Petitioners did not establish their entitlement to the disallowed miscellaneous itemized deductions subject to the 2% floor, nor did they introduce any evidence from which we could develop a reasonable estimate of the miscellaneous itemized deductions.  See Williams, 245 F.2d at 560.  Thus, petitioners are not entitled to the disallowed miscellaneous itemized deductions subject to the 2% floor claimed on their Schedule A for tax year 2010.

 E. Other Miscellaneous Deductions for "Handicap Work"

Petitioners claimed, and respondent disallowed, other miscellaneous deductions (not subject to the 2% floor) of $22,091 for "handicap work" on their Schedule A for tax year 2010.  Petitioners did not submit any receipts or documents to verify the expense.

Petitioner's testimony regarding his advocacy activity on behalf of veterans was credible, and he no doubt incurred expenses carrying on this important activity. However, his activity was not a direct contribution to a qualified charitable organization, and his testimony did not establish petitioners' entitlement to the

disallowed other miscellaneous deductions for handicap work.  Thus, petitioners are not entitled to that deduction on their 2010 Schedule A.

IV.    Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes a penalty of 20% of the portion of an underpayment of tax attributable to the taxpayer's negligence, disregard of rules or regulations, or substantial understatement of income tax.  "Negligence" includes any failure to make a reasonable attempt to comply with the Code, including any failure to keep adequate books and records or to substantiate items properly.  See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  A "substantial understatement" includes an understatement of income tax that exceeds the greater of 10% of the tax required to be shown on the return or $5,000.  See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty.  Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Once the Commissioner meets his burden of production, the taxpayer must come forward

with persuasive evidence that the Commissioner's determination is incorrect.  See id. at 447; see also Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Petitioners claimed deductions on their returns for tax years 2008, 2009, and 2010 for expenses that they are unable to substantiate.  Furthermore, the underpayments of tax required to be shown on those returns are due to substantial understatements of income tax because the understatements exceed the greater of 10% of the tax required to be shown on the return or $5,000.  See sec. 6662(b)(2), (d)(1); sec. 1.6662-4(b)(1), Income Tax Regs.  Respondent's burden of production under section 7491(c) has been satisfied.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment.  Sec. 1.6664-4(a), Income Tax Regs.  The determination of whether a taxpayer acted in good faith and with reasonable cause depends on the facts and circumstances of each case and includes the knowledge and experience of the taxpayer and the reliance on the advice of a professional, such as an accountant.  Sec. 1.6444-4(b)(1), Income Tax Regs.  Most important in this determination is the extent of the taxpayer's effort to determine the proper tax liability.  Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

Petitioners did not maintain records for any of their claimed deductions and did not offer any argument or other evidence to show that they acted in good faith with respect to any portion of the underpayments of tax and that any portion of the underpayments is due to reasonable cause. Respondent's determinations of the accuracy-related penalty under section 6662(a) for tax years 2008, 2009, and 2010, are sustained.

To reflect the foregoing,

Decisions will be entered for

respondent.